**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6659**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTONIO KEVIN MCKOY, a/k/a Bean,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00116-D-1; 7:22-cv-00083-D)

Submitted:  January 30, 2024                                  Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Antonio Kevin McKoy, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Kevin McKoy, a federal prisoner who is serving a sentence of life imprisonment plus five years, consecutive, seeks to appeal the district court's orders (a) denying McKoy's 28 U.S.C. § 2255 motion; and (b) dismissing without prejudice McKoy's Fed. R. Civ. P. 59(e) motion to alter or amend judgment. The district court entered its dispositive order on April 25, 2023, and the accompanying judgment was entered the next day, April 26, 2023. On May 14, 2023, McKoy filed the operative Rule 59(e) motion, asserting that the court entered judgment without ruling on the merits of his claims. Ten days later, McKoy filed a notice of appeal. On June 23, 2023, the district court entered an order dismissing the Rule 59(e) motion without prejudice because McKoy had noted an appeal.

In the informal brief filed in this court, McKoy restates his claims as presented in the § 2255 motion—without addressing the district court's dispositive rationale—and assigns error to the court's failure to address McKoy's motions for an evidentiary hearing or to appoint counsel prior to entering judgment. McKoy also complains of the court's failure to address the merits of his claims prior to entering judgment in his § 2255 proceeding.

Liberally construed, the Rule 59(e) motion suggests that McKoy only received the court's judgment, which is consistent with the assertion in McKoy's informal brief. The record in its current state does not allow us to conclusively determine whether McKoy received *both* the district court's judgment and the accompanying order addressing his claims on the merits. Thus, in the interest of judicial efficiency and to allow McKoy a fair

2

opportunity to raise arguments on appeal that are responsive to the district court's dispositive rationale, we vacate the district court's order dismissing the Rule 59(e) motion and remand this matter to the district court for the limited purpose of considering the Rule 59(e) motion on the merits. Regardless of the outcome of the Rule 59(e) motion, the record, as supplemented, will be returned to this court for further consideration.

In ordering this remand, we express no opinion as to the merits of the Rule 59(e) motion. Any statement of our views at this time would necessarily infringe on the proper role of the district court in considering the motion in the first instance. We also decline to now rule on whether McKoy is entitled to a certificate of appealability as to the district court's order denying the § 2255 motion and defer ruling on the application pending resolution of the Rule 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REMANDED*